IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND M. KRUSHIN, | No. 4:21-CV-1682 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| GOVERNOR TOM WOLFF, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

OCTOBER 15, 2021

Plaintiff Raymond M. Krushin is currently incarcerated at the State Correctional Institution in Dallas, Pennsylvania (SCI Dallas). He filed the instant Section 1983[1] action on September 30, 2021, claiming Eighth Amendment violations for alleged deliberate indifference to serious medical needs.[2] In his complaint, Krushin names 17 defendants, including multiple high-level officials in state government. Because Krushin's complaint plainly fails to state a Section 1983 claim against the named defendants, the Court will dismiss Krushin's complaint but provide him the opportunity to amend.

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2] Doc. 1.

I.  **STANDARDS OF REVIEW**

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[3]  One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[4]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[5]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[6]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[7]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to

---

[3]  *See* 28 U.S.C. § 1915A(a).
[4]  *Id.* § 1915A(b)(1).
[5]  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[6]  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[7]  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

2

a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[8]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[9] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[10] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[11] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[12] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[13]

Because Krushin proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[14] This is particularly true when the *pro se* litigant, like Krushin, is incarcerated.[15]

---

[8] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[9] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[10] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[11] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[12] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[13] *Iqbal*, 556 U.S. at 681.
[14] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[15] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## II.  DISCUSSION

Krushin's complaint alleges Eighth Amendment violations by state actors including, but not limited to, Pennsylvania Governor Tom Wolf, Attorney General Josh Shapiro, (former) Secretary of Corrections John Wetzel, and SCI Dallas Superintendent Kevin Ransom.[16] He also names 13 additional defendants, which include grievance officers, various SCI Dallas medical staff, and healthcare administrators.[17] What Krushin fails to do, however, is explain how these 17 defendants' acts or omissions violated his constitutional rights.

### A.  Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[18] Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[19] Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or "actual knowledge and acquiescence"; however, such averments must be made with "particularity."[20]

---

[16] Doc. 1 at 2. In his complaint, Krushin inadvertently spelled Governor Wolf's last name with two "fs," titled Superintendent Ransom as "warden" instead of superintendent, and named the previous Secretary of Corrections John Wetzel (who was recently replaced by Acting Secretary of Corrections George Little).

[17] Doc. 1 at 2-6.

[18] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).

[19] *Dooley*, 957 F.3d at 374.

[20] *Id.* (quoting *Rode*, 845 F.2d at 1207).

Krushin's complaint, although asserting significant claims of deliberate indifference to serious medical needs,[21] is largely devoid of facts showing how the named defendants played a role in his allegedly inadequate medical care. Krushin does not describe any action or omission by a named defendant that would plausibly rise to the level of deliberate indifference. Instead, throughout his complaint he ambiguously avers that "defendants" took certain actions or were guilty of certain omissions, without ever explaining who was involved. Under *Dooley v. Wetzel* and *Rode v. Dellarciprete*, this type of pleading is clearly inadequate to state an Eighth Amendment claim for deliberate indifference to serious medical needs.

As far as the Court can ascertain, the only defendants for which Krushin provides specific averments is Steven Prince, a doctor at SCI Dallas, and Promise Kortez, a nurse at SCI Dallas.[22] But even the allegations concerning these defendants do not rise to the level of deliberate indifference.

Krushin claims that Dr. Prince opted to treat him with oral medication rather than order an MRI or CT Scan, then prescribed injections for his pain but should not have because an injection coupled with Krushin's preexisting low platelet count could have resulted in extensive bleeding and possibly death.[23] If anything,

---

[21] Krushin contends that Defendants' Eighth Amendment violations have caused severe and permanent spinal injuries, as well as extensive gastroesophageal damage.
[22] *See* Doc. 1 at 5, 13, 16.
[23] *Id.* at 13, 16.

such allegations sound in medical negligence, which does not meet the exacting standard of deliberate indifference.[24]  As to Nurse Kortez, Krushin avers only that she is the "orthotic person" at SCI Dallas but had little or no knowledge about orthotics and was underqualified to hold such a position.[25]  Such contentions do not even implicate medical negligence, let alone deliberate indifference.  Consequently, Krushin has failed to state a plausible Eighth Amendment claim against any of the 17 named defendants.

### B.   Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act] should receive leave to amend unless amendment would be inequitable or futile."[26]  The Court will grant Krushin leave to amend his complaint to rectify the deficiencies identified.  The allegations of inadequate medical care Krushin proffers are serious.  Nevertheless, he cannot move forward on such claims until he adequately explains what personal involvement the named defendants had in the alleged constitutional violations.

---

[24]   *See Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
[25]   Doc. 1 at 13.
[26]   *Grayson*, 293 F.3d at 114.

6

## III.  CONCLUSION

Based on the foregoing, the Court will dismiss without prejudice Krushin's complaint pursuant to 28 U.S.C. § 1915A(b)(1) because it fails to state a claim upon which relief may be granted.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge
