IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND M. KRUSHIN, | No. 4:21-CV-1682 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| GOVERNOR TOM WOLFF, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

NOVEMBER 30, 2021

Plaintiff Raymond M. Krushin was previously incarcerated at the State Correctional Institution in Dallas, Pennsylvania (SCI Dallas). He filed the instant Section 1983[1] action on September 30, 2021, claiming Eighth Amendment violations for alleged deliberate indifference to serious medical needs.[2] In his initial complaint, Krushin named 17 Defendants, including multiple high-level officials in state government. This Court dismissed Krushin's complaint upon screening under 28 U.S.C. § 1915A for failure to state a claim but granted leave to amend.[3] Following his release from SCI Dallas, Krushin filed an amended

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).
[2] Doc. 1.
[3] *See* Docs. 8, 9; 28 U.S.C. § 1915A(b)(1).

complaint,[4] which is presently before the Court.

## I. STANDARD OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[5] One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[6] This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[7]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[8] The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[9] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint,

---

[4] Doc. 11.
[5] *See* 28 U.S.C. § 1915A(a). Section 1915A screening of amended complaints is likewise required. *See Fields v. Venable*, 674 F. App'x 225, 228 (3d Cir. 2016) (nonprecedential) (noting that district court "fulfill[ed] its duty to screen" *pro se* prisoner's amended complaint).
[6] 28 U.S.C. § 1915A(b)(1).
[7] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[8] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[9] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[10]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[11] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[12] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[13] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[14] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[15]

Because Krushin proceeds *pro se*, his pleadings are to be liberally construed and his amended complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[16]

---

[10] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[11] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[12] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[13] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[14] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[15] *Iqbal*, 556 U.S. at 681.
[16] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

## II. DISCUSSION

Krushin's amended complaint fails to fully identify the named Defendants, and it appears that he is relying on his original complaint to set forth the Defendants' complete names and titles. He again alleges claims of Eighth Amendment deliberate indifference to serious medical needs against the same 17 Defendants. These state actors include, but are not limited to, Pennsylvania Governor Tom Wolf, Attorney General Josh Shapiro, (previous) Secretary of Corrections John Wetzel, and SCI Dallas Superintendent Kevin Ransom.[17] He also names 13 additional Defendants, which include grievance officers, various SCI Dallas medical staff, and healthcare administrators. Krushin's amended complaint fixes some of the deficiencies of his original pleading, but still fails to state plausible claims against many of the named Defendants.

### A. Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[18] Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[19] Personal involvement can include direct

---

[17] In his complaint and amended complaint, Krushin inadvertently spells Governor Wolf's last name with two "fs," titles Superintendent Ransom as "warden" instead of superintendent, and names the previous Secretary of Corrections John Wetzel (who was recently replaced by Acting Secretary of Corrections George Little).

[18] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).

[19] *Dooley*, 957 F.3d at 374.

wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or "actual knowledge and acquiescence"; however, such averments must be made with "particularity."[20]

Krushin's amended complaint includes specific details about allegedly deficient medical care provided by Steven Prince, a doctor at SCI Dallas, and Lea Martin, a health care administrator at SCI Dallas.  Krushin alleges that he contacted these medical providers at least 20 times over many months regarding his severe back pain, orthotics and prescription medication issues, and other medical problems and was either ignored or denied proper medical care.[21]  He also alleges that he sent "well over" 75 requests, sick calls, and grievances to Dr. Prince, Martin, and four nurses: Joyce Wilson, Promise Kortez, Pat Smith, and Lewis Casey, but that delay in his treatment caused his severe back and esophageal conditions to worsen and his pain to increase.[22]  These allegations are sufficient to state an Eighth Amendment claim for deliberate indifference to serious medical needs.[23]

Krushin's claims against Wolf and Shapiro, while more tenuous, also survive Section 1915A screening.  Krushin claims that he sent letters to Wolf

---

[20]  *Id.* (quoting *Rode*, 845 F.2d at 1207).
[21]  Doc. 11 at 1-5, 7-9, 13-14.
[22]  *Id.* at 2-4.
[23]  To establish an Eighth Amendment claim of deliberate indifference regarding inadequate medical care, a plaintiff must demonstrate (1) "a serious medical need," and (2) "acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

informing him of the lack of appropriate medical treatment at SCI Dallas and the purported ongoing constitutional violations, and that Wolf took no action.[24] He additionally avers that Wolf made a knowing decision to utilize the health care company that employed the deliberately indifferent, unqualified medical Defendants.[25] Krushin alleges that he informed Shapiro that certain medical providers at SCI Dallas were operating without the requisite professional licensing, and Shapiro failed to respond.[26] At the screening stage, the Court cannot say such allegations—when taken as true—fail to state an Eighth Amendment claim.

Krushin fails to allege the requisite personal involvement for other named Defendants. As to "Mr. Cowam" and "Mr. Noel," purported corporate officers of "Community Health Care Administration (CHCA),"[27] Krushin provides no allegations regarding any acts or omissions by these Defendants that would implicate deliberate indifference to his serious medical needs. He does not even plead facts showing that these Defendants had knowledge of his medical conditions or allegedly deficient treatment.

Krushin's claims involving Secretary Wetzel are likewise deficient. Krushin baldly asserts that Secretary Wetzel initiated the policy of having Pamelor—a

---

[24] The Court notes that the letter Krushin sent to Wolf is rife with ad-hominem attacks, racial slurs, and offensive language. (*See* Doc. 11-5 at 4-8).
[25] Doc. 11 at 21.
[26] *Id.* at 19-20.
[27] *See* Doc. 1 at 6.

6

medication Krushin was prescribed—crushed before being distributed to prisoners.[28] This claim lacks plausibility. Judicial experience and common sense indicate that the Secretary of the Department of Corrections would play no role in such inmate-specific, prescription-drug distribution decisions.

As to defendant Joseph Silva, Director of the Bureau of Health Care Services for the Pennsylvania Department of Corrections,[29] Krushin claims that he informed Silva about his medical problems and "what was taking place at SCI Dallas and its medical department."[30] Krushin avers that Silva was deliberately indifferent to his serious medical needs because he "passed his responsibility off and thereby did absolutely nothing for [Krushin's] sever[e] medical conditions."[31] Krushin attached Silva's written correspondence to his amended complaint,[32] which shows that Silva responded to Krushin's concerns by informing him about the grievance system's procedures and the steps Krushin should take to resolve his medical-care concerns.[33] Silva specifically informed Krushin to either file a DC-135A Inmate Request to Staff Member or have a "direct conversation with Lea Martin, Correctional Health Care Administrator."[34] Silva also had his department

---

[28] Doc. 11 at 10-11, 13.
[29] *See* Doc. 11-4 at 1.
[30] Doc. 11 at 19.
[31] *Id.*
[32] At the Rule 12(b)(6) stage, and thus under Section 1915A(b)(1) screening, the Court may consider attachments to the complaint. *See Mayer*, 605 F.3d at 230 (citing *Pension Benefit Guar. Corp.*, 998 F.2d at 1196).
[33] Doc. 11-4 at 2, 3.
[34] *Id.*

forward Krushin's concerns "directly to the Health Care Administrator for their review."[35]

Considering Krushin's allegations, together with the attachments to his amended complaint, it is clear that Krushin has failed to state a claim of Eighth Amendment deliberate indifference against Silva. Silva's letters directing Krushin to contact SCI-Dallas's health care administrator and forwarding Krushin's correspondence to that administrator in no way reflect deliberate indifference; in fact, they directly contradict Krushin's allegations that Silva "did absolutely nothing" and "failed to respond reasonably" to Krushin's medical complaints.[36] Thus, Krushin's amended complaint fails to state an Eighth Amendment claim against Silva.

### B. Grievance Process Only

Krushin's claims against defendants D. Varner, Keri Moore, Ransom, Stacy Miller, and Kevin Fagan are also insufficient as a matter of law. Krushin's only allegation about these Defendants is that they were involved in the grievance process related to his claims regarding the medical care at SCI Dallas.[37] But mere involvement in the post-incident grievance process alone does not give rise to

---

[35] *Id.*
[36] Doc. 11 at 19.
[37] *See* Doc. 11 at 16-18.

Section 1983 liability.[38] Accordingly, the Eighth Amendment deliberate indifference claims against these Defendants must be dismissed.

### C. Leave to Amend

In sum, the Court must dismiss the following defendants pursuant to 28 U.S.C. § 1915A(b)(1): Cowam, Noel, Wetzel, Silva, Varner, Moore, Ransom, Miller, and Fagan. Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act] should receive leave to amend unless amendment would be inequitable or futile."[39] For the forgoing Defendants, Krushin's amended complaint fails to rectify the deficiencies noted in this Court's first Section 1915A dismissal. Leave to amend may be denied when there has been "repeated failure to cure deficiencies by amendments previously allowed."[40] The Court likewise observes that further leave to amend would be futile, as the gravamen of the allegations against these defendants cannot constitute a cognizable Eighth Amendment medical care violation. Consequently, the Eighth Amendment claims against Cowam, Noel, Wetzel, Silva, Varner, Moore, Ransom, Miller, and Fagan will be dismissed with prejudice.

---

[38] *See Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *see also Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that district court "properly dismissed" prisoner's claims against certain defendants because allegations against them "merely assert their involvement in the post-incident grievance process").

[39] *Grayson*, 293 F.3d at 114.

[40] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.  CONCLUSION

Based on the foregoing, the Court will dismiss in part Krushin's amended complaint pursuant to 28 U.S.C. § 1915A(b)(1), and that partial dismissal will be with prejudice.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge