IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND M. KRUSHIN, | No. 4:21-CV-01682 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| GOVERNOR TOM WOLFF, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

MARCH 10, 2023

Plaintiff Raymond Krushin, who was previously incarcerated in the State Correctional Institution in Dallas, Pennsylvania (SCI Dallas) during times relevant to this lawsuit, filed this *pro se* Section 1983[1] action in September 2021. He asserts Eighth Amendment claims of deliberate indifference to serious medical needs. Presently pending is Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Because Krushin fails to carry his summary judgment burden on his constitutional tort claims, the Court will grant Defendants' Rule 56 motion.

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

I.  **FACTUAL BACKGROUND**[2]

Krushin was incarcerated at SCI Dallas from September 2019 to October 2021.[3] He filed his original complaint in this matter on September 27, 2021,[4] and was released from SCI Dallas less than a month later on October 18, 2021.[5] After dismissal of his initial complaint pursuant to 28 U.S.C. § 1915A(b)(1),[6] Krushin filed an amended complaint in November 2021.[7] That amended complaint is the operative pleading in this case.

In his amended complaint, Krushin alleged deliberate indifference to serious medical needs by seventeen state officials, including multiple high-level government officials.[8] The Court screened the amended pleading and dismissed with prejudice nine of the seventeen named Defendants.[9] The remaining eight Defendants are: former Governor Tom Wolf, former Attorney General Josh Shapiro, Dr. Steven Prince, Corrections Health Care Administrator Lea Martin,

---

[2]  Local Rule of Court 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. *Id.* Defendants filed their statement of material facts, (Doc. 28), but Krushin failed to respond to that statement. Accordingly, the Court will deem admitted the facts in Defendants' Rule 56.1 statement. *See* LOCAL RULE OF COURT 56.1.
[3]  Doc. 28 ¶ 8.
[4]  *Id.* ¶ 1.
[5]  *Id.* ¶ 3.
[6]  *See* Docs. 8, 9.
[7]  *See generally* Doc. 11.
[8]  *See generally id.*
[9]  *See* Doc. 13 ¶ 1.

2

Corrections Health Care Administrator Pat Smith, Registered Nurse Supervisor Joyce Wilson, Registered Nurse Supervisor Lewis Casey, and Nurse Promise Kortez.[10]

Defendants Wolf, Shapiro, Martin, Smith, Wilson, and Casey now move for summary judgment on all claims.[11] Krushin has failed to respond to Defendants' Rule 56 motion in any way. The deadline for a responsive pleading has passed, so Defendants' unopposed motion for summary judgment is ripe for disposition.

## II.   STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[12] Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[13] Material facts are those "that could alter the outcome" of the litigation, and "disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[14]

---

[10]  *See* Doc. 13 ¶ 2; Doc. 28 ¶¶ 6, 22, 23, 24, 25. Defendants Prince and Kortez did not respond to Krushin's amended complaint.
[11]  Doc. 27.
[12]  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
[13]  FED. R. CIV. P. 56(a).
[14]  *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (*quoting Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993)).

At the Rule 56 stage, the Court's function is not to "weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a genuine issue for trial."[15] The Court must view the facts and evidence presented "in the light most favorable to the non-moving party" and must "draw all reasonable inferences in that party's favor."[16] This evidence, however, must be adequate—as a matter of law—to sustain a judgment in favor of the nonmoving party on the claim or claims at issue.[17] A "scintilla of evidence" supporting the nonmovant's position is insufficient; "there must be evidence on which the jury could reasonably find for the [nonmovant]."[18] Succinctly stated, summary judgment is "put up or shut up time" for the nonmoving party.[19]

## III. DISCUSSION

Defendants contend that Krushin cannot meet his Rule 56 burden because he cannot adduce any competent evidence to support his bare allegations. The Court is constrained to agree.

Simply put, Krushin has failed to carry his burden at summary judgment because he has not opposed Defendants' Rule 56 motion in any way. Defendants

---

[15] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).
[16] *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014).
[17] *Liberty Lobby*, 477 U.S. at 250-57; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986).
[18] *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Liberty Lobby*, 477 U.S. at 252) (alteration in original).
[19] *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (quoting *Berkeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006)).

4

have asserted that Krushin cannot produce any admissible evidence that would establish the elements of his Eighth Amendment medical indifference claim,[20] and Krushin has not identified any record evidence that would rebut this assertion. He has not, for example, pointed to a declaration or affidavit, medical records, witness statements, or any other evidence that could sustain a verdict in his favor. In fact, Krushin has not even filed a response to Defendants' Rule 56 motion, meaning—under Local Rule 7.6—that Defendants' motion is deemed "unopposed."[21]

At summary judgment, "the non-moving party must oppose the motion and, in doing so, may not rest upon the mere allegations or denials of his pleadings but, instead, must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice."[22] Moreover, "[t]he court need consider only the cited materials" when ruling on a motion for summary judgment.[23] No materials have been cited by Krushin in opposition to Defendants' Rule 56 motion.

The Court additionally notes that, as Krushin has completely failed to comply with Local Rule 56.1, Defendants' assertions of fact regarding his Eighth

---

[20] *See generally* Docs. 28, 31; FED. R. CIV. P. 56(c)(1)(B).
[21] *See* LOCAL RULE OF COURT 7.6 (stating that failure to file a brief in opposition to a motion, including one for summary judgment, results in said motion being deemed unopposed).
[22] *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 288-89 (3d Cir. 2018) (alteration omitted) (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268-69 (3d Cir. 2014)).
[23] FED. R. CIV. P. 56(c)(3).

Amendment claims are deemed admitted.[24]  Upon admission of these material facts, it follows that Krushin cannot, as a matter of law, succeed on his Eighth Amendment medical indifference claims.  Therefore, because Krushin has failed to establish that there is a genuine issue for trial, the Court must grant Defendants' motion for summary judgment as to his Section 1983 claims.

## IV.   CONCLUSION

Based on the foregoing, the Court will grant Defendants' motion (Doc. 27) for summary judgment in its entirety.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[24] *See* LOCAL RULE OF COURT 56.1.